IN THE COURT OF APPEALS

FIFTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
DEC 29 2014
FIFTH CIRCUIT

PHILLIP TURNER,       §
          PETITIONER  §
                      §
VS.                   §     COA NO. 14-51333
                      §
WILLIAM STEPHENS, DIRECTOR,  §     U.S.D.C. NO. A-13-CV-163-LY
TEXAS DEPARTMENT OF CRIMINAL JUSTICE  §
INSTITUTIONAL DIVISION,  §
          RESPONDENT  §

---

## PETITION FOR CERTIFICATE OF APPEALABILITY

NOW COMES, PHILLIP TURNER, Petitioner in the above styled and numbered cause and makes this his Petition for Certificate of Appelability to this most Honorable Court and Justices. Petitioner would show this Court the following:

I.

On or about the 30th day of July,2010, the petitioner was sentenced to a Forty Year Sentence for the felony offense of DWI with a Deadly Weapon finding included in a Jury Trial.

II.

Petitioner has exhausted all State remedies and has timely filed his Federal Writ of Habeas Corpus 28 U.S.C. § 2254.

III.

Petitioner is in custody in violation of the Constitution or Laws of the United States.

IV.

Petitioner can show that under 28 U.S.C. § 2253(c)(2) that he was denied a Constitutional right as the Supreme Court mandated in **SLACK V. McDANIEL**, 529 U.S. 372,484 (2000) and **LOZADA V. DEEDS**, 498 U.S.430 ( 1991 ), as to show that

a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong.

## JURISDICTION

This Court has exclusivie jurisdiction to decide the questions presented herein due to the decisions made by the United States District Court of Texas Western District, Austin Division on November 26th,2014 by U.S. District Judge Honorable Lee Yeakel.

## IDENTITIES OF ALL PARTIES AND COUNSEL

### PETITIONER

| | |
|---|---|
| PHILLIP TURNER<br>TDCJ-ID UNIT | PETITIONER |
| DAVID A. SCHULMAN<br>STATE BAR NO. 17833400<br>P.O. BOX 783<br>AUSTIN,TEXAS 78767-0783 | COUNSEL FOR PETITIONER<br>ON APPEAL |
| RYAN DECK<br>STATE BAR NO. 2404781<br>1000 HERITAGE CENTER CIRCLE<br>ROUND ROCK, TEXAS  78664 | TRIAL COUNSEL (LEAD) |
| RUSSELL HUNT JR.<br>STATE BAR NO. 00790937<br>17  310 SOUTH AUSTIN AVE.<br>GEORGETOWN, TEXAS 78626 | (SECOND SEAT AT TRIAL) |

### STATE OF TEXAS

| | |
|---|---|
| JOHN BRADLEY<br>405 MARTIN LUTHER KING 2 FL.<br>GEORGETOWN, TEXAS 78626 | DISTRICT ATTORNEY |
| MICHAEL JARRETT<br>STATE BAR NO. 24011995<br>405 MARTIN LUTHER KING 2 FL.<br>GEORGETOWN, TEXAS 78626 | COUNSELS FOR STATE AT<br>TRIAL |
| JANE STARNES<br>STATE BAR NO. 00797491<br>405 MARTIN LUTHER KING 2 FL.<br>GEORGETOWN, TEXAS 78626 | |
| KIRSTIN JERNIGAN<br>STATE BAR NO. 90001898 | COUNSEL FOR STATE ON<br>APPEAL |

### DISTRICT COURT

HONORABLE JUDGE KEN ANDERSON
277th JUDICIAL DISTRICT COURT
405 MLK BLVD.,BOX 6
GEORGETOWN, TEXAS 78626

### THIRD COURT OF APPEALS

i.

# TABLE OF CONTENTS

IDENTITIES OF ALL PARTIES                                  i.

TABLE OF CONTENTS                                          ii.

INDEX OF AUTHORITIES                                       iii,iv

STATEMENT OF PROCEDURAL HISTORY                            1

STATEMENT OF THE CASE                                      1,2

SUMMARY OF THE ARGUMENTS                                   2,3,4

GROUND ONE                                                 4,5,6
      INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION
      OF THE SIXTH AMENDMENT

GROUND TWO.                                                7,8,9
      THE EVIDENCE OF THE BLOOD DRAW WAS OBTAINED IN
      VIOLATION OF STATUATORY LAWS AND CONSTITUTIONAL
      LAWS AND IS INADMISSABLE UNDER THE FOURTH AMENDMENT

GROUND THREE                                               9,10,11,12
      INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION
      OF THE SIXTH AMENDMENT

CONCLUSION                                                 12,13

PRAYER                                                     13

UNSWORN DECLARATION                                        14

CERTIFICATE OF COMPLIANCE                                  14

APPENDIX "A"
      U.S. DISTRICT COURT'S RULING

# INDEX OF AUTHORITIES

**CASES**                                                                                    **PAGE(S)**

### STATE

CAVAZOS V. STATE,  969 S.W.2d 454(Tex.App.–Corpus Christi 1998)     5,12

EX PARTE TURNER, No. 78,624-01 at 83                                              11

TURNER V. STATE, 734 S.W.2d 186,188(Tex.App.–Dallas 1987)          5

### SUPREME COURT

ANDERS V. CALIFORNIA, 386 U.S.738,87 S.Ct.1396,18 L.Ed.2d 493(1967)  ·12

BAREFOOT V. ESTELLE, 463 U.S.880,892-892,103 S.Ct.3383,3394,          5
               77 L.Ed.2d 1090 (1985)

COLEMAN V. THOMPSON, ·501 U.S.722,750,111 S.Ct.2596,115 L.Ed.      8,11,12
               640 (1991)

DOUGLAS V. CALIFORNIA, 372 U.S.353,357,83 S.Ct.814,9 L.Ed.2d        9,10
               811 (1963)

EVITTS V. LUCEY, 469 U.S.387,396,105 S.Ct.830,83 L.Ed.2d 821        9,12
               (1985)

FAY V. NOIA, 372 U.S.391,430,83 S.Ct.822,9 L.Ed.2d 837(1984)       11

HALBERT V. MICHIGAN, 545 U.S.605,617,125 S.Ct.2582,162 L.Ed.2d      10
               552 (2005)

HARRINGTON V. RICHTER, ___,U.S.___,___,132 S.Ct.770,783-85,(2011)   6,8,12,13

LOCKHART V. FRETWELL, 506 U.S.364,113 S.Ct.838,122 L.Ed.2d 180(1993) 6

LOZADA V. DEEDS, 498 U.S.430 (1991)

MARTINEZ V. RYAN ,___U.S.___,___,132 S.Ct.1309,1316,(2012)         ·8,9,12

McCLESKEY V. ZANT, 499 U.S.467,490,115 S.Ct.1454,113 L.Ed.2d        11
               517 (1991)

NIX V. WHITESIDE,475 U.S.157,106 S.Ct.988,89 L.Ed.2d 123(1986)      6

REED V. ROSS, 468 U.S.1,9,104 S.Ct.2901,82 L.Ed.2d 1 (1984)         11

SCHMERBER V. CALIFORNIA, 384 U.S.757,86 S.Ct.1826,16 L.Ed.2d 908   5,6,7,10,12
               (1966)

SLACK V. McDANIEL, 529 U.S.372,484 (2000)

## INDEX OF AUTHORITIES

CASES                                                                                PAGE(S)

### SUPREME COURT

STRICKLAND V. WASHINGTON, 466 U.S.668,104 S.Ct.2052,80 L.Ed.2d          4,5,6,12
                674 (1984)

STRICKLER V. GREENE, 527 U.S.263,289,119 S.Ct.1936,144 L.Ed.2d          11
                286 (1999)

WAINWRIGHT V. SYKES, 433 U.S.,at 83,97 S.Ct.2497,53 L.Ed.2d 594         11
                (1977)

WILLIAMS V. TAYLOR,  529 U.S.362,412,120 S.Ct.1495,1523 (2000)         6,13


### STATUTES

FEDERAL RULES OF EVIDENCE 702                                          3

TEXAS RULES OF EVIDENCE 702                                           3

TEXAS TRANSPORTATION CODE 724.017                                     6,7,8,10

28 U.S.C. § 2254(d)                                                   4,6,8,13

### CONSTITUTIONAL AMNDMENTS

FOURTH                                                               3,7,9,12

FIFTH                                                                7,9,12

SIXTH                                                                3,4,7,9,12

FOURTEENTH                                                           7,9,12

TO THE HONORABLE COURT OF APPEALS FOR THE FIFTH CIRCUIT:

## STATEMENT OF PROCEDURAL HISTORY

The State charged Petitioner with one count of Driving while Intoxicated, enhanced and habitualized with a deadly weapon finding.
The Petitioner pled not guilty, the jury disagreed and found the Petitioner guilty as charged. Following the punishment phase, the sentence was handed down at forty-three years confinement in the Texas department of Corrections.

On the same day as the punishment hearing, petitioner filed a timely notice of appeal and motion for a new trial. Appellate counsel was appointed and counnsel filed a Anders Brief stating that petitioner had no issues that would merit a filing of an appeal. On June 26th,2012, Petitioner filed his State Writ of Habeas Corpus Art. 11.07 and it was filed on June 29th,2012. On January 16th, 2013, the Court of Criminal Appeals denied the 11.07 without a written order on the trial court's findings and without a hearing on the merits of the case.

On February the 15th,2013, Petitioner mailed in his Federal Writ of Habeas Corpus pursuant to 28 U.S.C § 2254 and it was ruled on by Honorable Magistrate Judge Andrew W. Austin in the Western District Court, Austin Division on the 21st day of April, 2014. Petitioner filed a timely Rebuttal on May, 8th,2014 nad on November 26th,2014, Honorable District Court Judge Lee Yeakel overruled Petitioner's "Objection to the Report and Recomendation of the Magistrate Judges Findings". The MAgistrates Report and Recomendation was Approved and Accepted by the Court and Writ of Habeas corpus was denied. And finally the Court Ordered that a Certificate of Appealability be denied. Hence the filing of this Petition for Certificate of Appelability in this Honorable Court.

## STATEMENT OF THE CASE

On August 30th, 2009, Melissa Thomas was driving home when her car stalled out at an intersection in Williamson County. She then called 911 and shortly a DPS Trooper (Robbins) showed up and pulled behind her with his lights on. At the time petitioner had also pulled up behind Trooper Robbins and stopped

1.

from 30-45 seconds, then as he pulled out into the left lane he collided with Ms. Carolyn Taylor, who is a insurance adjuster. Ms. Taylor's car was pushed into the curb where she blew out a tire. Petitioner then proceeded through the intersection and stopped on the other side of the underpass. Ms. Taylor eas traveling at a rate of 40-45 mph and had seen Trooper Robbin"s car and lights and had changed into the left lane also. Ms. Taylor also state that she did not see a turn signal on petitioner's vehicle before he jumped lanes. Petitioner had little to no damage on his truck from the incident but yet the car being driven by Ms. Taylor was alleqedly totaled. Remember she is a insurance adjuster too.

When the trooper pulled up and got the petitioner to get out of his truck he smelled alcohol and proceeded to do a sobriety test. After administering  the test the trooper decided petitioner was drunk. Ms. Taylor went home from the scene and no medical assistance was needed for her. After arriving to the Williamson County Jail Trooper Robbins proceeded to qet a warrant for the taking of petitioner's blood since he refused a breathalizer test. Petitioner never refused the taking of his blood and no consent was asked to do so before the warrant was issued. Afetre about two hours of his arrest Officer Skaqqs whom is employed by the Williamson County Jail took petitioner's blood at the medical facility of the jail. Mr. Skaqgs stated at trial he was a certified Phlebotomist and Medical Technician. After the taking of the blood the Trooper did not turn in the blood sample until a week later Therefore breaking the chain of evidence. During the blood draw Mr. Skaqqs failed to ask key medical questions of the petitioner as to qet a medical history from petitioner as should have been done by standards. At trial Mr. Skaqqs testified as to his own qualifications but no one else vouched for him as to state why he was qualified to take blood from that facility.

### SUMMARY OF THE ARGUMENTS

The National Hiway Traffic and Safety Administration and the Texas DWI Detection and Standardized Field Sobriety Testinq is what established the guidelines in Texas on how to conduct a Sobriety Test in the field. Officers heve guidelines that teach how and what to do in a test.

These guidelines have to be followed in order for the test to be accurate as possible. On August 30th,2009, Trooper Robbins came upon a stalled car at a intersection. Upon arrival he turned on his lights and made sure no one ran into the stalled car. Petitioner came along and stopped behind the Trooper and then made a lane change. He did not see the other car because it came up on the blindside of the trucks mirror. Ms. Taylor testified that she was traveling at a high rate of speed which was 40-45 mph to a intersection and did not apply her brakes before she and the petitioner collided. If the Court would see in the file photo's of the victims car it will see that she had to have hit petitioners truck not him her. Petitioner's truck was hit on the left corner panel by the drivers side door. This allegedly pushed the other vehicle into the curb where she blew her tire out. Petitioner then went through the light and intersection and stopped on the otherside of the underpass. As claimed in the statement of the case the trooper then gave the field sobriety test in which he failed to do correctly the Horizontal Gaze Nystagmus Test. Then on the way to the station petitioner was in the front of the officers car for the ride. Upon arrival to the jail petitioner was aske dif he would submit to a breathalizer in which he stated "no" and the Trooper then proceeded to get a Warrant to take the blood of the petitioner. Two hours later a blood draw was done by a phlebotomist that worked at the county jail as a deputy. No medical questions were taken as to any medical surgeries or having been in any accidents that required surgery. Had this been done the explanation into why the petitioner failed his HGN test could have shown that petitioner was impaired in his eye which caused them to stay red and droopy.

The petitioner claims that his trial counsel Mr. Ryan Deck was ineffective in his research and his presentment of the evidence relying on only the results of the States paperwork. The argument of the blood draw was incorrect and had it and the suppression of the blood draw could have been different. Petitioner states that his **SIXTH AMENDMENT** rights to have Effective Assistance of Counsel was violated.

The Petitioner claims that the taking of his Blood was in violation of Statute and **FOURTH AMENDMENT** constitutional qaurantee's. He also states that under the **Federal Rules** and **Texas Rules of Evidence** under **Rules 702**, that the evidence was inadmissable and harmful to his case.

3.

In his first issue Petitioner claims that the Court's findings that his claim
of ineffective assistance is contrary to the standards set forth by **STRICKLAND**
**V. WASHINGTON**, 466 U.S.668,104 S.Ct.2052,80 L.Ed.2d 674 (1984) and had counsel
researched this case thoroughly he would have known the correct procedures to
attack the taking of his clients blood and the fact that the witness could not
qualify himself he needed someone other than himself to state on stand as to
why the hospital or the place of employment considered him qualified to take
petitioners blood in a Jailhouse setting.

Petitioner claims that his blood draw was taken in violation to Federal
Law and Statutory Texas Laws. When the court allowed the evidence to stand and
found that Petitioner's claim is not cognizable on Federal Habeas review it
was contrary to  and envolved an unreasonable application of clearly established
Federal Law as determined by Supreme court rulings.

Petitioner contends that the denial of his **SIXTH AMENDMENT** right was
violated by his right to counsel on appeal. Here Turner had a constitutional
right to provide mitigating evidence that his trial counsel either failed to
discover or failed to offer.


I.

GROUND ONE

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL


The question here is whether Phillip Turner, Petitioner herein has presented
a argument that shows his constitutional right to the effective assistance of
counsel as defined in **STRICKLAND** was violated,and whether the judgment of the
Texas Court of Criminal Appeals refusing his arguments in State Habeas proceedings
was "contrary to, or involved an unreasonable application of, clearly established
Federal Law,as determined by the Supreme Court of the United States," within
the meaning of **28 U.S.C. §2254(d)(1).**

Counsel's failure to discover and present the argument of the qualification
of Mr. skaggs whom took the blood draw and other significant evidence was "below
the range expected of reasonable professional competent assistance of counsel."
Counsel'sperformance thus did not measure up to the standard required under

4.

the holding of **STRICKLAND**, and if it had, there is a reasonable probability
that the result would have been different.

In **BAREFOOT V. ESTELLE**, 463 U.S.880,892-893,103 S.Ct. 3383,3394, 77 L.Ed.
2d 1090(1983), the Court delineated the standards for issuance of a Certificate
of Probable Cause by aggreeing with the Court of Appeals stating that "a
certificate of probable cause requires petitioner to make a ' substantial showing
of a denial of a federal right.'" Id.,at 893,103 S.Ct.,at 3394. It is understood
that in order to make a substantial showing of the denial of a federal right,
a petitioner who has been denied in a District Court"'must demonstrate that
the issues are debatable among jurist of reason; that a court could resolve
the issues in a different manner; or that the questions are "adequate to deserve
encouragement to proceed further.'" 463 U.S.,at 893,n.4,103 S. Ct.,at 3394,
n.4.

        Petitioner claims that his trial counsel was ineffective for not presenting
mitigating evidence that Mr. Skaggs a Phlebotomist and Deputy working at the
County jail was not qualified under Texas law to take the blood sample and that
no one had been presented to the jury as to qualifications of this man to take
blood at a jail facility where he was an employee instead of a hospital where
a qualified physician or nurse could have taken the sample.  In a State case
styled **CAVASOS V. STATE**, 969 S.W.2d 454 (Tex.App.-Corpus Christi 1998), the
appellate court found that the trial court abused it's discretion in holding
that the state met its burden of proving that the blood draw was drawn in
compliance with the statute and therefore admitting the evidence resulting from
appellant's blood sample. As in **TURNER V. STATE**, 734 S.W.2d 186,188 (Tex. App.-
Dallas 1987,pet.Ref'd)("Because we have found the report of the blood test and
its results inadmissable, it follows,and we hold that testimony regarding those
results was likewise inadmissible.") Prejudice attached in this case when his
counsel did not contest the evidence of the blood draw being taken by a
unqualified person under Texas Statutes and in violation of Federal Law and
Supreme Court predecent. See  **SCHMERBER V. CALIFORNIA** 384 U.S. 757,86 S.Ct.
1826,16 L.Ed.2d 908 (9166). The trial counsel did not argue the reasonablness
of the blood draw wich goes to it being taken by a physician in a hospital

enviroment according to accepted medical practices. Had counsel really had
knowledge and had done several arguments under this situation as he stated he
had he would have known that the **TEXAS TRANSPORTATION CODE 724.017** and
**SCHMERBER** are the ruling case laws as to the taking of blood specimen and
would have argued accordingly. **STRICKLAND'S** prejudice prong asks whether it is
reasonably likely the result would have been different. **U.S.C.A. CONST.AMEND.6.**

    In **HARRINGTON V. RICHTER**, _____U.S._____, 131 S.Ct.770,783-785 (2011) the
Court stated, §2254(d) permits the granting of federal ahbeas relief in only
three circumstances: 1) when the earlier state court's decision "was contrary
to" federal law then clearly established in holdings of the Supreme court;2)
when earlier decision "involved an unreasonable application of" such law; or
3) when the decision "was based on an unreasonable determination of the facts"
in light of the record before the state court. Id., at 785(citing **28 U.S.C.
§ 2254(d); WILLIAMS V. TAYLOR**, 529 U.S.362,412, 120 S.Ct. 1495,1523(2000)).

    Such cases as **nix v. whiteside**, 475U.S.157,106 S.Ct.988,89 L.Ed.2d 123
(1986),and **LOCKHART V. FRETWELL**, 506 U.S. 364,113 S.Ct.838,122 L.Ed.2d 180
(1993), do not justify a departure from a straight-forward application of
**STRICLAND** when the ineffectiveness of counsel does deprive the defendant of
a substantive or procedural right to which the law entitles him. In the instant
case, it is clear that petitioner had a right—indeed, a constitutionally
protected right— to provide the jury with the mitigating evidence that his
trial counsel either failed to discover or failed to offer in his defense.

    Petitioner states that if the jury could have learned that since the
blood draw was not taken by a qualified person under the statutes and laws
that it was thus inadmissible and further that since the blood draw was
inadmissible then the testimony of the blood alcohol content level was also
inadmissible. Coupled with the incorrect procedures in the HGN test it could
have shown the jury that the state had not met thier burden under the law to
show evidence of his intoxication. Thus petitioner was prejudiced under the
strictures of the Prongs of **STRICKLAND.**

## II.

### GROUND TWO

### THE EVIDENCE OF THE BLOOD DRAW WAS

### INADMISSIBLE AND IN VIOLATION OF STATUTORY AND FEDERAL LAWS

Under the **FOURTH, FIFTH** and **FOURTEENTH AMENDMENTS** and the **TEXAS TRANSPORTATION CODE 724.017**, Petitioners rights were violated.

In **SCHMERBER V. CALIFORNIA**, 384 U.S.757,86 S.Ct.1826,16 L.Ed.2d 908 (1966) the Court said, Compulsory administration of a blood draw test to determine the alcohol content involves the broadly concieved reach of a search and seizure under the **FOURTH AMENDMENT**, and is subject to the constraints of the amendment, since such testing procedures plainly constitute searches of "persons",and depend antecently upon seizures of "persons", within the meaning of the amendment.

Furthermore under the reasonableness requirements of the **FOURTH AMENDMENT** a compulsory blood test, required by a state officer of a person arrested for driving while intoxicated, is a reasonable test in view of the minimal extraction of blood, the effectiveness and widespread use of such test, and thevirtual absence of risk,trauma,or pain for most persons, and the performance of the test is done in a reasonable manner where the blood is taken by a physician in a hospital enviroment according to accepted medical practices.

This Court has jurisdiction to formulate a harmless-error rule that will protect a defendant's federal right under the **FOURTH AND FOURTEENTH AMENDMENTS** along with the **FIFTH AMENDMENT** to be free from state penalties for not wanting his seized blood by an unqualified person to be permitted as evidence in violation of State Statutory Laws and the United states Constitution and Laws of Federal Rulings. Under the **FOURTH AMENDMENT**, the law states in pertinent parts that the people have a right against unreasonable searchs and seizures, under the **FIFTH AMENDMENT** it states, no person shall be deprived of life, liberty or property, without the due process of law and the **FOURTEENTH AMENDMENT** adds to this by stating, nor deny to any person within its jurisdiction the equal protection of the law.

7.

**TEXAS TRANSPORTATION CODE 724.017,** clearly states that only a physician, qualified technician,chemist,registered professional nurse, or liscensed vocational nurse may take blood at the request or order of a peace officer under this chapter.

Again as in **HARRINGTON, 28 U.S.C. § 2254(d)** permits the granting of Federal Habeas relief if the three circumstances are met. Here the petitioner states that he was denied his constitutional right to a reasonable blood draw, one done in a hospital enviroment with a qualified physician. One that should have been qualified by someone who had supervised or hired the phlebotomist.

The cases cited in petitioners Federal Writ of Habeas Corpus under **28 U.S.C. § 2254** and again in his Objection to Report and Recomendation of Magistrate Judges findings state all that the petitioner can show that his rights have been violated under statutory and constitutional law not to speak of the rulings of the Supreme court. Nevertheless, this Court can consider the merits of this case on the aspect of his grounds if this petitioner show's "cause for the default and therefore the prejudice from a violation of Federal law. Because appellate counsel did not advance his appeal, petitioner did not have the requisite knowledge to file a brief on his own into the issues presented herein so that the evidence of the blood draw could have been heard on direct appeal.

See **MARTINEZ V. RYAN,** _____U.S. ___, ____,132 S.Ct.1309,1316,(2012)(citing **COLEMAN V. THOMPSON,** 501 U.S.722,750 (1991).

Id.,at 132 S.Ct.1314, citing **COLEMAN SUPRA,** 111 S.Ct.2546,115 L.Ed.2d 640, left open, and the Court of Appeals in this case addressed, a question of constitutional law; whether a prisoner has a right to effective counsel in colateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial. These proceedings can be called, for purposes of this opinion,"initial-review collateral proceedings." **COLEMAN** had suggested, though without holding, that the constitution may require states to providecounsel in initial-review proceedings because" in these cases...state collateral review is the first place a prisoner can present a challenge to his conviction." Id.,at 755, 111 S.Ct. 2546,115 L.Ed.2d 640. As **COLEMAN** noted, this makes the initial-review collateral proceeding a prisoner's "one and only appeal" as to ineffective

assistance claim. Id.,at 756,111 S.Ct. 2546,115 L.Ed.2d 640(emphasis deleted;
internal quotation marks omitted). And this may justify an exception to the
constitutional rule that there is no right to counsel in collateral proceedings.
See Id.,at 755,111S.Ct.2546; DOUGLAS V. CALIFORNIA, 372 U.S.353,357,83 S.Ct.
814,9 L.Ed.2d 811(1963)(holding that states must appoint counsel on a prisoners
firstr appeal.) Since the District Court found with the State that petitioners
clkaims in Ground two were not cognizable because of procedural default, it
would make since to state that counsel was ineffective on direct appeal for
not arguing this finding that the evidence of the blood draw was in fact a
direct violation of petitioner's FOURTH, FIFTH and FOURTEENTH AMENDMENT RIGHTS
and against statutory laws and findings in Supreme Court Precedent then it
should have ruled that petitioner had indeed been denied his SIXTH AMENDMENT
rights to effective assistance of counsel.

### III.
### GROUND THREE
### INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner claims that his SIXTH AMENDMENT rights to effective assistance
of counsel was violated and that the decision of the District Court was a
misapplication of law and was contrary to findings of other courts. In
MARTINEZ V. RYAN, ____,U.S.____, ____,132 S.Ct.1309,182 L.Ed.2d 272(1012),
the Supreme Court stated, where, under state law, ineffective assistance-of-trial-
counsel claims must be raised in an initial–review collateral proceeding, a
procedural default will not bar a federal habeas court from hearing those
claims if the initial–review collateral proceeding, there was no counsel or
counsel was ineffective. As COLEMAN recognized, an attorney's errors during
an appeal on direct review may provide cause to excuse a procedural default;
for if the attorney appointed by the state to pursue the direct appeal is
ineffective, the prisoner has been denied fair process and the opportunity to
comply with the State's procedures and obtain an adjudication on the merits
of his claims. See, 501 U.S.,at 754,111 S.Ct.2546,115 L.Ed.2d 640; EVITTS V.
LUCEY, 469 U.S.387,396,105 S.Ct.830,83 L.Ed.2d 821(1985); DOUGLAS Supra,at

357-358,83 S.Ct.814,9 L.Ed.2d 811. Without the help of adequate counsel,
a prisoner will have similar difficulties vindicating a substantial
ineffective-assistance-of-trial-counsel claim. Claims of ineffective-assistance
at trial often require investigative work and an unerstanding of trial strategy.
Wgen the issue cannot be raised on direct review, moreover, a prisoner asserting
an ineffective-assistance-of-trial-counsel claim in an initial-review proceeding
cannot rely on a court opinion or the paperwork of an attorney addressing
that claim. See **HALBERT V.MICHIGAN**,545 U.S.605,617,125 S.Ct.2582,162 L.Ed.2d
552(2005);**DOUGLAS**,372 U.S.,at 357-358,83 S.Ct.814,9 L.Ed.2d 811.

    To present a claim of ineffective assistance at trial in accordance
with the state's procedures, then, a prisoner likely needs an effective attorney.
**HALBERT**, 545 U.S.,at 619,125 S.Ct.2582. The same would be true if the state did
not appoint an attorney to assist the prisoner in the initial-review collateral
proceeding. The prisoner, unlearned in the law,may not comply with the state's
procedural rules or may misapprehend the substantive details of constitutional
law. Cf.e.g. id at 620-621,125 S.Ct.2582,162 L.Ed.2d 552(describing the educational
background of the prison population) While in prison, the prisoner is in no
position to develope the evidentiary basis for a claim of ineffective assistance
of counsel, which often hangs on evidence outside the record.
In the case at hand the prisoner would have had to review the tape on the test
done concerning the Horizontal Gaze Nystagmus Test and then gone and researched
the rules of the National Transportation Guide and then the Rules on Texas
Field Sobriety Testing to see if the evidence was correct. He would have gone
to the County jail and seen first hand the procedures and place that the
petitioners blood was extracted from him amd further reviewed the tape of the
blood draw. The rulings of the Supreme Court in **SCHMERBER V. CALIFORNIA**,
384 U.S.757, 86 S.Ct.1826,16 L.Ed.2d 908 (1966) addressing the reasonable
test in taking of a defendants blood whom is a person facing a driving while
intoxicated charge shows that the blood needs to be taken by a physician in a
hospital setting. **TEXAS TRANSPORTATION CODE 724.017**, gives a further run down
on who is qualified to take blood under Texas Statute. While petitioner's
appellate counsel filed a Ander's brief citing there were no errors worth
bringing before the court of appeals, it is clear that he misrepresented his

clients interest. The District Court states that the petitioner did not
arue any issue which,if raised on appeal, would have resulted in the reasonable
probability of Petitioner prevailing on appeal. See Pp.12 of Magistrates
Report and Recommendation. Petitioner raised in his brief on page 11, that he
did argue the same facts presented herein. The evidence was not sufficient to
convict the defendant of DWI nor was the evidence of the blood draw and therefore
Blood Alcohol Content level admissible.  The fact that the counsel took,the
easy way out and filed a Ander's Brief instead of an appeal' citing IAC of the
trial counsel shows that he did not act in an adversarial position for his
client. The rules for when a prisoner may establish cause to excuse a procedural
default are elaborated in the exercise of the Court's discretion. **McCLESKEY**
**V. ZANT,**499 U.S.467,490,111 S.Ct.1454,113 L.Ed.2d 517 (1991); See also **COLEMAN,**
supra.,at 730-731,111 S.Ct.2546,115 L.Ed.2d 640;**WAINWRIGHT V. SYKES,**433 U.S.,
at 83,97 S.Ct.2497,53 L.Ed.2d 594(1977 );**REED V. ROSS**, 468 U.S.1,9,104 S.Ct.
2901,82 L.Ed.2d 1(1984); **FAY V. NOIA**, 372 U.S. 391,430,83 S.Ct.822,9 L.Ed.2d
837(1963),overruled in part by **SYKES,**supra, 97 S.Ct.2497,53 L.Ed.2d 594 These
rules reflect equitable judgment that only where a prisoner is impeded or
obstructed in complying with the State's established procedures will a federal
habeas court excuse the prisoner from the usual sanction of default. See e.g.,
**STRICKLER V. GREENE**, 527 U.S. 263,289,119 S.Ct.1936,144 L.Ed.2d 286(1999);
**REED**, supra,at 16,104 S.Ct.2901,82 L.Ed.2d 1. Allowing a federal habeas court
to hear a claim of ineffectiveness of counsel (trial) when an attorney's errors
(or the absence of an attorney) caused a procedural default in an initial-review
collateral proceeding acknowledges as an aquitable matter, that the initial-
review collateral proceeding,if undertaken without counsel or with ineffective
(182 L.Ed.2d 286) counsel, may not have been sufficient to ensure that proper
consideration was given to a substantial claim.

    Petitioner initially challenged the sufficiency of the evidence in his
State application for habeas relief and was told by the state and the trial
court that it was not cognizable on habeas review **EX PARTE TURNER,** No. 78,624-01
at 83. Petitioner also argued that the trial court abused it's discretion in
admitting the results of the HGN test and the blood sample was inadmissible too.

11.

Petitioner, had he raised these issues in direct review on appeal would have been able to show that his FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENT rights were violated. He has repeatedly shown throughout his petition that the reasons for these violations are covered by the Constitution and Supreme Court precedents. The appellate counsel was ineffective for not raising the issues brought forth in petitioner's habeas petitions. Petitioner has shown that through the Citings of STRICKLAND, MARTIINEZ, SCHMERBER, CAVAZOS, HARRINGTON, COLEMAN and the CONSTITUTIONAL AMENDMENTS, that he has merit to allow the Court to allow him to proceed with his appeal and grant him the right to have his appeal heard.

In his last issue petitioner has shown that under the SIXTH AMENDMENT he was obstructed in filing a meaningful appeal through his appellate counsel therefore his procedural defaults and not being able to present his valid arguments before a state court of appeals. In this case Turner's attorney in the initial review collateral proceeding filed a notice akin to an Anders brief, in effect conceding that Turner lacked any meritorious claim. Including his claim of ineffective assistance at trial. See ANDERS V. CALIFORNIA, 386 U.S. 738,87 S.Ct.1396,18 L.Ed.2d 493(1967). Turner argued before federal habeas court that his counsel was ineffective for filing an Anders brief constituting ineffectiveness. That Court ruled that petitioner argued nothing warranting a habeas review of ineffectiveness of counsel. This is contrary to established law and warrants a ruling that meets the strictures in STRICKLAND V. WASHINGTON and EVITTS V. LUCEY.

CONCLUSION

Petitioner in his first issue asks this court to decide that his trial counsel was ineffective for not arguing the facts of the qualification of the blood draw and the evidence of the blood alcohol content (BAC) level testimony and for not arguing that under the FOURTH amendment the reasonableness of the blood draw was impermissable since it was not by statute or established law.

Petitioner would like for this court to rule that the evidence of the blood draw and the sufficiency of the evidence arguments are permitted through the

12.

findings that his counsel at the collateral proceeding impeded him from
review because he was ineffective.

Further he asks that this court find that his Appellate counsel was indeed
ineffective for not raising the grounds inclosed herein this petition and his
**28 U.S.C. § 2254.**

Petitioner asks this Court to rule in his favor and grant his Certificate
of Appealabilty and state that he has shown sufficient evidence to permit the
Court to grant federal habeas relief under the strictures in **HARRINGTON AND
TAYLOR.**

RESPECTFULLY SUBMITTED,

PHILLIP TURNER, TDCJ-ID # 1684757

## PRAYER

Petitioner prays that this Court issue forth a ruling sending this case
back to the trial courts for a new trial and or a aquittal on the charge .

13.

## CERTIFICATE OF SERVICE

I, Phillip Turner, do hereby certify under penalty of perjury that a true and correct copy of this petition for certificate of appealability is being forwarded to Casey L. Jackson, Assistant Attorney General at P.O. Box 12548, Austin, Texas 78711 by first class postage, prepaid on the 23rd of December,2014 by placing it in the internal mailing system here on the Dolph Briscoe unit of TDCJ.

PHILLIP TURNER, PRO-SE

## UNSWORN DECLARATION

I, Phillip Turner do hereby certify under penalty of Perjury that I am placing this in the Internal mailing system by giving it by hand to the indegency officer at the units Law Library on this the 23rd day of December, 2014 at 1:30 P.M.

PHILLIP TURNER # 1684757
DOLPH BRISCOE UNIT
1459 W. Hwy. 85
DILLEY, TEXAS 78017

14.

APPENDIX 'A'

DISTRICT COURT'S RULINGS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 NOV 26  AM 10: 59

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
          DEPUTY

| | | |
|---|---|---|
| PHILLIP TURNER, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CAUSE NO. A-13-CV-163-LY |
| | § | |
| WILLIAM STEPHENS, DIR. TDCJ-CID,[1] | § | |
| RESPONDENT. | § | |

## ORDER ON REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the court are Petitioner Phillip Turner's Application for Habeas Corpus under 28

U.S.C. § 2254 (Doc. #1); Respondent's Answer (Doc. #7); and Petitioner's Reply (Doc. #8).

Petitioner's application was referred to the United States Magistrate Judge for findings and

recommendations pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Rules

of the United States District Court for the Western District of Texas. The magistrate judge filed his

Report and Recommendation on April 21, 2014 (Doc. #9), recommending that Petitioner's

application for writ of habeas corpus be denied. In response, Turner filed "Objection to the Report

and Recommendation of Magistrate Judge" on May 13, 2014 (Doc. #11), asserting that the

magistrate judge's determination was unreasonable in light of the evidence presented in the state-

court proceeding.

The court has considered Turner's objection and in light of the objection, the court has

undertaken a *de novo* review of the entire case file. The court finds and concludes that the magistrate

---

[1] The previous named respondent in this action was Rich Thaler. On June 1, 2013, William
Stevens succeeded Thaler as Director of the Texas Department of Criminal Justice, Correctional
Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Stephens is
automatically substituted as a party.

judge's Report and Recommendation is correct and should be approved and accepted for substantially the reasons stated therein. *See* Fed. R. Civ. P. 72.

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the court shall not issue a certificate of appealability.

IT IS ORDERED that Turner's "Objection to the Report and Recommendation of Magistrate Judge" (Doc. #11) is OVERRULED.

IT IS FURTHER ORDERED that the United States Magistrate Judge's Report and Recommendation (Doc. #9) filed in this cause is APPROVED and ACCEPTED by the court.

IT IS FURTHER ORDERED that Petitioner's application for writ of habeas corpus is DENIED.

IT IS FINALLY ORDERED that a Certificate of Appealability is DENIED.

SIGNED this _____ day of November, 2014.


LEE YEAKEL
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT                    MAY 8th, 2014

FOR THE WESTERN DISTRICT OF TEXAS               Re: USDC # A-13-CV-163-LY

U.S. DISTRICT CLERK'S OFFICE                        TURNER V. WILLIAMS

200 West 8th St., Rm.130

AUSTIN, TEXAS 78701

    Dear Clerk,

            Hello.

Please find enclosed my Objection to Report And Recomendation Of Magistrate
Judge. Please file it and the Certificate of Service along with my Unsworn
Declaration and make them known to the Judge and such after the filing of said
papers.

I thank you for your time in this amtter and hope you have a good summer.

                        SINCERELY,

                        PHILLIP TURNER

CC: FILE

    TEXAS ATTORNEY GENERALS OFFICE

PHILLIP TURNER # 1684757

DOLPH BRISCOE UNIT

1459 W. Hwy. 85

DILLEY, TEXAS 78017

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| PHILLIP TURNER, § | |
| PETITIONER § | |
| § | |
| VS. § | CIVIL ACTION NO. A-13-CV-163-LY |
| § | |
| WILLIAM STEPHENS, DIRECTOR , § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE-INSTITUTIONAL DIVISION, § | |
| RESPONDENT § | |

## OBJECTION TO REPORT AND RECOMENDATION OF MAGISTRATE JUDGE

On April 25th,2014 Petitioner, Phillip Turner was served a copy of
United States Magistrate Judge Andrew Austin's Report and Recommendation signed
on the 21st day of April,2014 and now comes to file this his Objections.

Here in this objection Petitioner hopes to prove that the decisions made
at the Trial Court level were of a unreasonable determination in light of the
evidence presented in the State Court proceeding and is in direct violation
of the defendant rights to due process and the United States Constitution.

I.

GROUND ONE

INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that his counsel was ineffective by not arguing
the correct procedure for the collecting of the blood draw from a unqualified
individual whom was not qualified by anyone as to his position at the Jail.
Mr. Skaggs stated that it was himself and two individuals there at the blood
draw. One was the supervisor of the infirmary and one the officer whom arrested
petitioner. In July of 2010 the law surrounding Transportation Code 724.017(a)
stated that a phlebotomist is not a  qualified person unless it can be proven
that that individual can be qualified. Qualification would be someone whom can

testify to that persons qualifications. The Court and Respondent both explain that the "blood draw" is not cognizable on Federal Habeas Review, unless a federal issue is also presented under **ESTELLE V. McGUIRE**, 502 U.S.62,67-68, (1991). Petitioner offered the blood draw under two instances; (1) by itself, and (2) under Ineffective Assistance of Counsel.

Yes, this case is undisputed that it was had due to a search warrant to take petitioner's blood. Petitioner actually shows that not only under the United States Constitutions **SIXTH AMENDMENT** but that this also falls under the **FOURTH AND FOURTEENTH AMENDMENTS** too.

The **FOURTH AMENDMENT** protects against unreasonable searches and seizures by government officials. U.S. CONST. AMEND 4; **WEIDE V. STATE**, 214 S.W.3d 17,24 (Tex. Crim.App.2007). The taking of a blood sample implicates the **FOURTH AMEND. SCHMERBER V. CALIFORNIA**, 384 U.S.757,767 86 S.Ct.1826,1834,16 L.Ed.2d 908 (1966).In this Cite, the United States Supreme Court ruled that a warrantless blood draw performed at a officer's direction by a physician in a hospital "according to accepted medical practices" was reasonable under the **FOURTH AMEND. SCHMERBER**, 384 U.S.at 771-72, 86S.Ct.at 1836. The Court ruled that to be valid, such warrantless search must (1) be supported by probable cause,(2) occur in the presence of exigent circumstances in which the delay necessary to obtain a warrant would result in the destruction of evidence, (3) employ a reasonable test, (4) be executed in a reasonable manner. #84 U.S.,at 769-72,86 S.Ct. 1835-26. The Court made clear that when a search involves a bodily intrution, such as a blood draw, the execution of the search must be accomplished in a reasonable manner, i.e., according to reasonable "means and procedures", even when the search itself is justified. 384 U.S.,at 768,86 S.Ct.at 1834. See, **BLUMENSTETTER V. STATE**, 135 S.W.3d 234,243(Tex.App.-Texarkana 2004,no pet.)(Citing **SCHMERBER**, for holding that "taking of blood by a medical laboratory technician in a hospital is a reasonable method of extraction.").

Although the Supreme Court did not specifically announce a holding gonerning cases in which blood was drawn somewhere else other than a hospital or by a person not a doctor,nurse, or "medical technician," the Court did provide some future guidance as follows:

We are thus not presented with the serious questions which would arise if a
search involving use of a medical technique, even of the most rudimentary sort,
were made by other medical personnel or in other than a medical enviroment- for
example, if it were administered by police in the privacy of the station house.
To tolerate searches under these conditions might be to invite an unjustified
element of personal risk of infection and pain.

Now in petitioners case at hand, States witness Chad Skaggs, states he is
employed by the Williamson County Jail as a medical officer. He states he is a
emergency medical technician,certified phlebotomist technician and a corrections
officer at the jail. Mr. Skaggs stated in volume 8 Pgs. 97-98 that petitioner
did not appear ill in any way during his blood draw. On page 113 of volume 8,
on cross-examination Mr. Skaggs states in lines 22-25 that he did not get any
medical history from petitioner prior to the blood draw and on page 114 of
volume 8 Mr. Skaggs states he did not check on petitioner to make sure he did
not bruise or for any other reason because it was shift change and he was out
the door going home. Pages 115-116 of same said Volume shows that Skaggs did
not show professionalism at all that would show that Skaggs having took the
petitioner's blood did so in a reasonable manner. SCHMERBER, 384 U.S.,at 768,
86 S.Ct.,at 1834.

Yes, Counsel at trial, Mr. Ryan Deck argued extensively against the allowance
of testimony of the blood draw but under the rulings of previous cases he did
not show he had thoroughly researched his cases. He cited JOHNSTON V. STATE,
which was still being decided by the Courts about the suppression of a blood
draw. He did not follow through with case law including SCHMERBER. There are
plenty of case laws to state that the place of the draw was acceptable. It was
the fact that Mr. Skaggs was neither a Qualified person under 724.017 (a) of
the TRANSPORTATION CODE, nor was the blood draw taken in a reasonable manner as
found under the FOURTH AMENDMENT. The State did not prove qualification as to
Skaggs taking the blood draw. In petitioner's previous petition for federal
habeas he quoted both CAVAZOS AND BINGHAM both Appellate Court cases that show
that in order for Mr. Skaggs to be qualified he had the need of a supervisor
of the medical department or facility to testify as to why the was considered
to be qualified by them to take blood at that Jail.

Mr. Skaggs testified that he had been a certified phlebotomist for four (4) months and had only 20 unsupervised blood draws performed. Surely this is not enough experience to not have a Doctor, Nurse or LVN or such observe his taking of petitioner's blood. Mr. Skaggs testified further that it was only him, the arresting officer, the Lt whoms name is Doug Wheless and a couple of other officers present during the taking of the blood draw. Lt. Wheless was the supervisor of the medical departemnt. No where in his testimony does he establish that a doctor or medical supervisor from a hospital was present at the blood draw to supervise him in this matter.There was no testimony had to show that Lt. Wheless was qualified by medical standards to supervise the blood draw either. In Volume 8 Pages 118-126 Counsel for defense argued and kept arguing JOHNSTON. Actually the recent cite is; 305 S.W.3d 746(Tex.App.-Ft. Worth 2009). What Mr. Deck failed to see was that the reasonableness of the Blood Draw. In the JOHNSTON case the Court ruled that,"although Dr. Del Principe testified that he was unsure whether a medical history is taken when a suspect's blood is drawn, he obviously thought that such a question was important enough to train the officers to ask it. And he testified specifically as to the importance of following strict guidelines and procedures,not only in cleaning the room,but also in performing an "interview" prior to the blood draw. cf.PEOPLE V. MATELJAN, 129 Cal.App.4th 367, 28 Cal. Rptr.3d 506,509, 512-513 (2005,review den'd)cert. den'd 546 U.S.1171, 126 S.Ct.1333,164 :.Ed.2d 49 (2006)(affirming trial court's denial of motion to supress blood draws by statuatorily-unqualified phlebotomist who were otherwise experienced in taking blood draws when testimony was directly conflicting as to whether the taking of a prior medical history was necessary). In the JOHNSTON case Dr. Del Principe's testimony went to show why officer Burkhart was thought to be qualified to take blood draws in fact qualifing him.  Here in the case at hand no one qualified through testimony that Mr. Skaggs was thought to be qualified and why by a medical person in authority or in charge of the facility used to take blood.

The Court here in petitioners case has stated, as explaned by Respondent, the record in this case demonstrates counsel carefully considered and strategically dealt with issues surrounding the blood draw, including moving to suppress the

4.

blood sample,fully litigating the sample's admissibility during pretrial
suppression hearing and, upon his motion to suppress being overruled,thoroughly
cross-examined the involved officers at trial. In addition, petitioner continues
to argue the person who drew his blood was not qualified to do so do to Section
**724.017(a)** of the **TRANSPORTATION CODE**. However this Section only applies to blood
draws where there is no warrant.

In **STATE V. JOHNSTON**, id at 752 the Court states; Subsections (a)(c) of
Section 724.017- applies to determine the reasonableness of a blood draw even
when the blood draw is <u>**obtained pursuant to a valid search warrant**</u>. When police
obtain a blood specimen pursuant to a warrant, as was done here, the requirements
set forth in Section 724.017 regarding blood draws are not mandatory; " consent,
implied or explicit, becomes moot." **BEEMAN V. STATE**,86 S.W.3d 613(Tex.Crim.App.
2002) id at 616; **CANTRELL V. STATE**, 280 S.W.2d 408,412 (Tex.App.-Amarillo 2008).
In otherwords, once police obtain a valid warrant for blood "by presenting
facts establishing probable cause to a neutral magistrate," the subsequent search
must be evaluated under **FOURTH AMENDMENT** <u>**reasonableness standards**</u>. **BEEMAN**, 86
S.W.3d at 615-616; **COLEMAN V. STATE**, 833 S.W.2d 286,290(Tex.App.-Houston [14thDist]
1992) id at 290. Because **CHAPTER 724**, the implied consent statute, does not
offer greater protection than the **FOURTH AMENDMENT**, and is simply "another method
of conducting a constitutionally valid search," its prescribed method of obtaining
blood draws is simply one way in which blood draw can be deemed reasonable for
admissibility purposes; that is, if a search pursuant to implied consent is
performed according to the parameters set forth in **CHAPTER 724**; it will be
reasonable under both the **FOURTH AMEND.** and **TEXAS LAWS**. **BEEMAN** ; 86 S.W.3d at
615(emphasis added); See **TEXAS TRANSPORTATION CODE 724.107(a),(c)**,(providing
that blood draw must be done in "sanitary place" by "physician,qualified technician,
chemist, registered nurse, or liscensed vocational nurse".), See also **SCHMERBER**,
384 U.S.at 771-772,86 S.Ct.1836 (authorizing blood draw according to "accepted
medical practices" by medical professional in medical enviroment). Thus, when
a blood specimen is taken in accordance with a valid warrant, the Court must look
to guiding **FOURTH AMENDMENT** principles to determine whether the method of taking
the specimen is reasonable instead of **CHAPTER 724**, the implied consent satute.

Whether a search is reasonable is a question of law that the Courts should

review de novo. Reasonableness is measured by examining the totality of the circumstances. This is the facts and case law that defense counsel at trial (Mr. Ryan Deck) should have argued in the suppression of the blood draw. Going into the testimonies of both Skaggs and Robbins you will find that they failed to even make a minimal inquiry as to petitioners health,or medical condition(s). In Volume 9 Pg.24 Trooper Jason Robbins was asked if he had asked petitioner if he had been injured and if petitioner had problems with diabetes or epilepsy. Trooper Robbins testified that petitioner told him he had no medical problems. This was the extent of the medical history done by the arresting officer.

Then with Mr. Skaggs in Volume 8 on page 98 on direct the D.A. asks him if petitioner had any obvious medical conditions and he stated "no". Then on cross-examination on page 113 Skaggs states that before taking petitioners blood that he did not get any information regarding medical history of petitioner and again makes the claim on page 114 saying that after the blood draw he did not check up on petitioner to make sure he was ok and had no complications or did not bruise. The Court had overruled the suppression of petitioner's blood draw even though the reasonableness of the blood draw was in violation of the FOURTH AMENDMENT. The Court should have concluded that, under the totality of the circumstances- and based on the fact that there was no supervisor who had gotten on the stand and made notice of the qualifications of Skaggs and to the rules and procedures of the Jail Infirmary under the rules of Chapter 724 and that along with the fact that no one have taken a medical history of the petitioner prior to the draw and no checkup was done after the draw subjected the petitioner to an unjustified risk of medical harm, thus making his blood draw unreasonable under the FOURTH AMENDMENT as illustrated by example set forth in SCHMERBER. Had counsel argued these facts then under SCHMERBER and the FOURTH AMENDMENT petitioner's blood draw would have been inadmissible.

Therefore under the guidelines of STRICKLAND V. WASHINGTON AND THE SIXTH AMENDMENT and in the Interest of Justice this petitioner asks this Court to find that he has satisfied the Rules under 28 U.S.C. 2254 and grant his appeal.

The Trial Court's role in determining the admissibility of a novel scientific test is that of Gate Keeper. The Trial Court's "gatekeeping responsibility" requires that the trial court judge "ensures that any and all scientific testimony and evidence admitted is not only relevant but reliable." DAULBERT V. MERRELL DOW PHARMACUETICALS, 509 U.S.579,113 S.Ct.2786,125 L.Ed.2d 469 (1983), id.,at 2795. Testimony concerning the HGN test done by Trooper Jason Robbins is considered novel scientific evidence and is also subject to the requirements in KELLY V. STATE, 824 S.W.2d 568(Tex.Crim.App.1996) and the rulings in EMERSON V. STATE, 880 S.W.2d 759 (Tex.Crim.App.1994). That considered the law states:

If scientific,technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge,skill,experience,training,or education may testify there to in the form of an opinion or otherwise.(TEX.R. EVIDENCE 702)

To constitute scientific knowledge that will assist the trier of fact the purposed testimony must be relevant and reliable. See KELLY id at 572. To be considered reliable, evidence based on a scientific theory must be valid; and must satisfy three criteria: (1) the underlying theory must be valid,(2) the technique applying the theory must be valid, and (3) the technique must have been applied correctly (properly) on the occasion in question. Id.,at 573. Unreliable evidence is of no assistance to the trier of fact and is therefore inadmissible under TEX.R.EVID. 702; KELLY , Id.,at 568.

In Vol.9 on pages; 98,101,102,103,&104 .Trooper Robbins gives testimony to the test done by him as to the HNG.The test was shown to be done incorrectly and had the Defense Counsel presented this argument to the Court it would have had to rule that this test was done improperly and therefore inadmissible. It would have shown the jury that the evidence obtained through out this case was done so incorrectly as to the law. Yes, the counsel for defense argued the fact but he did not offer the Kelly test nor the DAUGHBERT case as authorities to back up his argument and make the Court rule that the evidence due to Supreme Court precedent was not admissible. This is clearly a violation and misapplication of the law and prejudiced petitioner greatly. This Court can not find that the Counsel had he argued this point to the Trial Court would have been overruled and the evidence allowed. Therefore I ask this Court to find counsel ineffective on this basis too.

7.

III.

GROUND THREE

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In his grounds previously before the Court, petitioner complained of
ineffective assistance of appellate counsel in ground three. Herein the Court
will see the argument listed under ineffective assistance of trial counsel and
will see that petitioner has a valid argument that should merit further study
and a finding consistent with his petition.

A criminal defendant is Constitutionally entitled to effective assistance
of counsel on direct appeal. Effective Assistance of counsel as governed under
**STRICKLAND V. WASHINGTON**, 466 U.S.,at 688 and **ANDERS V. CALIFORNIA**, 386 U.S.738,
744 (1967). Again the claim for ineffective assistance is evaluated upon the
same standards as a claim of ineffectiveness of a trial counsel. **U.S.C.A. CONST.
AMEND.6; BRINSON V. WALKER**, 407 F.Supp.2d 456 (W.D.N.Y.2006). It has long been
settled that only a effective attorney may be able to raise effectively a claim
of ineffectiveness of trial counsel on appeal since the attorney will have to
go outside of the record to get his information. Even then a attorney will be
reluctant in filing against a fellow brother attorney. Had Counsel argued the
sufficiency of the evidence and the factual sufficiency he would have shown that
even though as this Court has stated that Mr Deck had even brought in other
counsel to help that his arguements under the **DAUGHBERT** or **KELLY** court findings
would have been enough to conclude that the sobriety test administered was done
so incorrectly. He would have seen under the Supreme Court's rulings in **SCHMERBER**
and further reading under the **FOURTH AMENDMENT** that the evidence of the
blood draw was inadmissible. He should have argued this case as if he had a
paying client instead of appointed counsel.

The Counsel on appeal did not look to the Constitutionality of the blood
draw and find that it did not meet with the standards under the **FOURTH AMENDMENT**
and that trial counsel had argued the wrong issue but in the right way for a
warrantless arrest. Like the Court pointed out this was a search warrant arrest
and the transportation clause had another meaning in that the draw had to be

7.

in a reasonable manner in which it was not. The sufficiency of the evidence as
to the HGN test was a arguable event too. Under the argument that is listed in
his Ground one, Petitioner has shown that his counsel did not argue the
admissibility of the test by Supreme Court Standards and **TEXAS RULES OF EVIDENCE
702**. Had the lawyer argued this on appeal to the highest criminal court the
ruling would have been favorable to the inmate. This along with the abuse of
the trial court allowing the submission of the blood draw. Petitioner states
that with the arguement enclosed in ground one that the court would have
suppressed the blood draw and this would then have set off a chain reaction
as to the states evidence. The Blood alcohol level testimony would have been out
and any evidence relied on would have been out. The HGN test not being properly
administered would have done away with all evidence of the sobriety test. This
would have proved that the sufficiency of the evidence was not up to the burden
of proof necessary to convict petitioner.

Petitioner asks this Court to relook at the evidence in the light of
his arguement and then tell him that the lawyer's were correct in the way they
handled his case.

CONCLUSION

Petitioner hopes and prays that this court will look into his allegations
and study the cases cited herein and make a uniformed opinion that counsel on
both ends were in fact ineffective and grant him a new trial or time served.

RESPECTFULLY SUBMITTED,


PHILLIP TURNER
TDCJ-ID # 1684757
DOLPH BRISCOE UNIT
1459 W. Hwy 85
DILLEY, TEXAS 78017

## CERTIFICATE OF SERVICE

I, PHILLIP TURNER, DO HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT A TRUE AND CORRECT COPY OF THE FOREMENTIONED OBJECTION IS BEING FORWARDED TO  CASEY L. JACKSON, ASSISTANT ATTORNEY GENERAL AT, P.O. BOX 12548, AUSTIN, TEXAS 78711 BY FIRST CLASS U.S. POSTAGE PREPAID ON THE 8th DAY OF MAY, 2014 BY PLACING IN THE UNITS INTERNAL MAILING SYSTEM.

PHILLIP TURNER, PRO-SE

## UNSWORN DECLARATION

I, PHILLIP TURNER DO HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT I HAVE MAILED THIS DOCUMENT OUT THROUGH THE TDCJ INDEGENCY OFFICE IN THE UNITS LAW LIBRARY ON THIS THE 8TH DAY OF MAY, 2014, AT 1:30 p.m.